923 F.2d 849
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack F. REED, Plaintiff-Appellant,
v.
LOCKHEED AIRCRAFT INTERNATIONAL, A.G., Defendant-Appellee.
 No. 90-2025.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1990.
Decided Jan. 28, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia at Beckley. Elizabeth V. Hallanan, District Judge. (CA-87-611-5)
 Daniel Grove Moler, Moler & Staton, Mullens, W.Va., for appellant.
 Robert J. Schiavoni, Steptoe & Johnson, Clarksburg, W.Va., (Argued), for appellee; Robert M. Steptoe, Jr., Steptoe & Johnson, Clarksburg, West Virginia, on brief.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and WILLIAM M. NICKERSON, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Jack Reed appeals from the grant of Lockheed International's motion for summary judgment. We affirm the district court.
 
 
 2
 At the trial level, plaintiff-appellant Jack Reed sued defendant-appellee Lockheed for breach of contract. Reed had been employed as an aviation technician with Lockheed in Jedda, Saudi Arabia. Reed's employment agreement specified that Lockheed could terminate his employment at any time for cause and that, as a foreign worker in Saudi Arabia, he would be subject to Saudi law.
 
 
 3
 In June 1982, Lockheed terminated Reed. In June 1987, Reed brought suit in the Southern District of West Virginia alleging that he had been terminated without proper cause. The district court granted Lockheed's motion for summary judgement on the theory that the action was time barred under the applicable Saudi Arabian labor statute.
 
 
 4
 Reed argues that the West Virginia statute of limitations should control. We disagree.
 
 
 5
 The principles of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), require this Court to apply the West Virginia choice of laws statute which provides that:
 
 
 6
 The period of limitation applicable to a claim accruing outside of this State shall be either that prescribed by the law of the place where the claim accrued or by the law of this State, whichever bars the claim.
 
 
 7
 W.Va.Code Sec. 55-2A-2.
 
 
 8
 The alleged breach of contract took place in Saudi Arabia; both parties agreed that Reed's employment would be subject to Saudi law. The West Virginia choice of law rule thus mandates application of the one-year Saudi statute of limitations.
 
 
 9
 We disagree with appellant's position that the Saudi law applies only to those actions which were raised in Saudi dispute resolution tribunals. We conclude that Saudi law bars appellant's claim.
 
 
 10
 We note that West Virginia law also provides that, in the absence of an express understanding, the laws of the place of performance control. See Jones v. Tri-County Growers, 366 S.E.2d 726, 729 (W.Va.1988).
 
 
 11
 The district court properly granted Lockheed's motion for summary judgment.
 
 
 12
 Accordingly, the judgment of the district court is
 
 
 13
 AFFIRMED.